IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FIRSTMERIT BANK, N.A.,

                    Plaintiff,                    OPINION & ORDER

v.

                                                  14-cv-566-jdp

DARLINGTON DEVELOPMENT
CORPORATION, and OLIVE
PORTFOLIO, LLC,

                    Defendants.

---

        Plaintiff FirstMerit Bank, N.A., brings this civil action under 28 U.S.C. § 1332(a), alleging diversity of citizenship as grounds for this court's subject matter jurisdiction. FirstMerit has sued defendants Darlington Development Corporation and Olive Portfolio, LLC, to foreclose on and take possession of property and other collateral securing a promissory note that is in default. However, because the allegations in the complaint are insufficient to determine if the parties are truly diverse, the court will give FirstMerit an opportunity to file an amended complaint containing the necessary factual allegations to establish diversity jurisdiction.

OPINION

        "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94

(2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03. Here, FirstMerit contends that the court has jurisdiction because all of the parties are diverse. Dkt. 1. Unfortunately, FirstMerit's allegations are insufficient to allow this court to determine the citizenship of each party.

Oliver Portfolio is a limited liability company, and "the citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). However, FirstMerit has not alleged the citizenship of Oliver Portfolio's members, making it impossible to determine whether complete diversity exists in this case. Instead, FirstMerit alleges that Oliver Portfolio is "a limited liability company with its principal place of business in Wilmington, Delaware." Dkt. 1. As the Seventh Circuit has instructed, this information is not relevant in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

Before dismissing this action for lack of subject matter jurisdiction, FirstMerit will be given leave to file within 14 days of this order an amended complaint that establishes subject matter jurisdiction by alleging the names and citizenship of each of Oliver Portfolio's members. In alleging citizenship, FirstMerit should be aware that if any of Oliver Portfolio's members are themselves limited liability companies, partnerships, or other similar entities, then the citizenship of those members and partners must be alleged as well. *See Meryerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (per curiam) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

ORDER

IT IS ORDERED that:

1) Plaintiff shall have until September 4, 2014, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) Failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 21st day of August, 2014.

BY THE COURT:
/s/
JAMES D. PETERSON
District Judge